```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MADELEINE KUBICEK,                              :
                                                :
                    Plaintiff,                  :
                                                :
       - against -                              :       OPINION AND ORDER
                                                :       08 Civ. 372 (ER)
WESTCHESTER COUNTY,                             :
                                                :
                    Defendant.                  :
-----------------------------------------------------------------x
```

Ramos, D.J.:

Plaintiff Madeleine Kubicek ("Plaintiff" or "Kubicek") moves, pursuant to Rule 60 of the Federal Rules of Civil Procedure, for reconsideration of this Court's September 27, 2013 Order granting Defendant's motion for summary judgment. Doc. 108 (the "Order").[1] The motion is DENIED.

## I. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Civil Rules for this District provide for reconsideration or reargument of a court's order on a motion only where the "court has overlooked 'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500, 501 (S.D.N.Y. 2008) (alteration in original) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); *see also* Fed. R. Civ. P. 60(b); Local R. 6.3. The Second Circuit has instructed that Rule 60(b) provides "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F. 2d 58, 61 (2d Cir. 1986). "Reconsideration of a court's previous order

---

[1] The facts and procedural history of this case are discussed in the Order, familiarity with which is presumed.

is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol*, 554 F. Supp. 2d at 500 (citing *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc*., 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd*., 869 F. Supp. 2d at 418 (internal quotation marks and citation omitted).

Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under the strict standard applied by courts in this Circuit, "reconsideration will generally be denied." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d at 614 (internal quotations marks and citation omitted).

## II. Plaintiff's Motion

Plaintiff's submission ignores the standard for a motion for reconsideration. Kubicek simply rehashes, or puts a new and unusual spin on, the arguments made in the first instance. In

substance, Kubicek renews the argument that her procedural due process rights were violated because Defendant failed to properly maintain and certify her for the full life of the Preferred Eligible List ("PEL") and failed to provide notice of her removal from the PEL for part-time or temporary Junior Administrative Assistant ("JAA") positions upon her rejection of any such position.  In the instant motion, however, Plaintiff places a new emphasis on pre-deprivation process.  Kubicek argues that due process was not satisfied by the availability of an Article 78 hearing because the deprivation here was not effected by a random and unauthorized act by a low-level employee, but instead was based on established policy and therefore "predictable."  Pl. Mem. L. 3.

"The Supreme Court distinguishes between deprivations of liberty or property occurring as a result of established governmental procedures, and those based on random, unauthorized acts by government officers."  *Locurto v. Safir*, 264 F.3d 154, 172 (2d Cir. 2001) (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)).  Deprivations of property effectuated through random and unauthorized acts of government officials "do[] not violate procedural due process so long as the government provides a meaningful remedy subsequent to the deprivation."  *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 531-32).  While Defendant claims that the argument regarding the "random and unauthorized" exception was not presented on summary judgment and is therefore improperly raised on a motion for reconsideration, the Court disagrees.  *See* Def. Opp. Mem. L. 8-9.  Although Kubicek could have presented the argument with greater clarity, she did claim in opposition to Defendant's motion for summary judgment that the deprivation was the result of "an established policy," and "certainly not the acts of any low-ranking employee who acted in a random and unauthorized manner."  Pl. Opp. to Mot. for Summ. J. 12, 16.  Despite its spirited revival in the instant motion, Kubicek's "random and unauthorized" argument *was* carefully

3

considered on summary judgment. Plaintiff cannot succeed here by offering "substantially the same argument[] that [s]he offered on the original motion." *Heffernan v. Straub*, 655 F. Supp. 2d 378, 381 (S.D.N.Y. 2009).

As the Court noted in its Order, "Plaintiff could have invoked an Article 78 proceeding '*before* actual prejudice ar[ose].'" Order at 14 n.9 (quoting *N.Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001)). Kubicek was "explicitly notified" of her placement on the PEL for JAA on December 24, 2002, one week prior to the effective date of her termination. *Id.* She could have initiated an Article 78 proceeding either at that time or during the four years she was on the PEL. *See id.* Plaintiff, however, failed to avail herself of this opportunity to be heard. In *Gansas v. City of New York*, No. 05-CV-5484, 2006 WL 2166869, at *7 (E.D.N.Y. July 31, 2006), *aff'd*, 240 F. App'x 435 (2d Cir. 2007), the court dismissed a terminated city employee's due process claim where the plaintiff waived his right to an administrative hearing in favor of a grievance procedure. The court concluded that "it is the *opportunity* for an adversarial hearing or equivalent grievance procedure, whether or not the terminated employee actually avails himself of such processes, that satisfies the City's constitutional obligations." *Id.* (emphasis in original). Indeed, "[t]o hold otherwise would allow the nonsensical result" that the employee could waive the hearing and later file a claim for a due process violation. *Id.*; *see also Hubbard v. Hanley*, No. 09 Civ. 10265 (HB), 2010 WL 1914989, at *5 (S.D.N.Y. May 12, 2010) (observing that "to afford" a full adversarial hearing means to make one available and dismissing a public employee's due process claim on the basis that plaintiff waived his right to hearing); *Adams v. N.Y. State Educ. Dep't*, No. 08 Civ. 5996 (VM) (AJP), 2010 WL 624020, at *31 (S.D.N.Y. Feb. 23, 2010) ("Notably, 'it matters not whether a plaintiff actually avails himself of the state court post-deprivation process. So long as that

4

process is available, a due process claim must be dismissed.'" (quoting *Longo v. Suffolk Cnty. Police Dep't*, 429 F. Supp. 2d 553, 559-60 (E.D.N.Y. 2006))), *adopted in relevant part by* 705 F. Supp. 2d 298 (S.D.N.Y. 2010).

It is well-established that Article 78 proceedings can provide meaningful *pre-deprivation* process. *See N.Y. State Nat'l Org. for Women*, 261 F.3d at 168; *Massi v. Flynn*, 353 F. App'x 658, 660 (2d Cir. 2009) (summary order) (citing *New York State National Organization for Women* for principle that an Article 78 proceeding constitutes both "an adequate pre- and post-deprivation procedure available under New York law"); *Tiffany v. Vill. of Briarcliff Manor*, No. 95 Civ. 8335 (LAP), 1997 WL 177895, at *11 (S.D.N.Y. Apr. 14, 1997) (finding that the availability of Article 78 as pre-deprivation process was dispositive of plaintiff's due process claim). Kubicek's failure to avail herself of such process either before or after the deprivation is—as stated on summary judgment—fatal to her due process claim.[2]

Plaintiff's secondary arguments in support of reconsideration are similarly without merit. First, Kubicek again claims that an Article 78 proceeding was unavailable because there was no "final determination" of her rights. Pl. Mem. L. 12-13. This time, however, Plaintiff contends that the December 24, 2002 letter notifying Kubicek of her placement on the PEL could not have constituted a "final determination" because the initial review of comparable positions did not take place until weeks later. *Id.* On summary judgment, the Court squarely considered Plaintiff's argument that there was no "final determination" of her rights and concluded that

---

[2] *Cf. Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984) ("Where, as here, Article 78 gave the employee a meaningful opportunity to challenge the voluntariness of his resignation, he was not deprived due process simply because he failed to avail himself of the opportunity."); *McGann v. City of New York*, No. 12 Civ. 5746 (PAE), 2013 WL 1234928, at *8 (S.D.N.Y. Mar. 27, 2013) (ruling that plaintiff was not denied due process where he failed to avail himself of his "meaningful" post-deprivation Article 78 rights); *Muller Tours, Inc. v. Vanderhoef*, 13 F. Supp. 2d 501, 507 (S.D.N.Y. 1998) ("A party's failure to avail itself of an Article 78 proceeding precludes a subsequent Due Process claim.").

Kubicek was notified on several occasions—including through the December 24, 2002 letter—that there were no titles other than JAA for which she was preferred eligible. *See* Order at 12-13. "A motion for reconsideration under Local Rule 6.3 'cannot assert new arguments of claims which were not before the court on the original motion,' and cannot 'advance new theories or adduce new evidence in response to the court's rulings.'" *Bd. of Trustees of S. Cal. IBEW-NECA Defined Contribution Plan v. Bank of N.Y. Mellon Corp.*, No. 09 Civ. 6273 (RMB) (AJP), 2012 WL 841154, at *2 (S.D.N.Y. Mar. 9, 2012) (internal citation omitted) (quoting *Koehler v. Bank of Berm. Ltd.*, No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) and *De Los Santos v. Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)). Kubicek's argument regarding the purportedly lacking "final determination" is therefore improper on a motion for reconsideration.

Second, Kubicek argues that she was denied due process because Frank Karintholil, Assistant Director of Recruitment & Selection for the Department of Human Resources for the County of Westchester, did not have the authority or qualification to render a "final determination" with regard to Kubicek's placement on the PEL for JAA positions. Pl. Mem. L. 13-14. Plaintiff appears to suggest that notice was defective here because the communications regarding Kubicek's placement on the PEL were required to have been made by a high-level employee. Even if this were the case—and it is not—this argument is newly raised and therefore cannot be proffered on a motion for reconsideration.

Finally, Plaintiff contends that her Section 1983 claim was not the only remaining claim on summary judgment. *See* Order at 1 n.1. Instead, Kubicek claims that the Court "mischaracterize[d] or overlook[ed]" her argument regarding the lawfulness of the Executive

Order.[3]  Pl. Mem. L. 23.  The Court specifically addressed Plaintiff's argument that the Executive Order is unlawful and found that Kubicek was not entitled to injunctive relief on this basis.  *See* Order at 14-16.  Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters that might have "reasonably altered" the Court's rejection of this argument on summary judgment.

In sum, Kubicek has not come close to making the showing required to sustain a motion for reconsideration.  As the Second Circuit noted in *Ayazi v. United Federation of Teachers Local 2*, "[a] motion for reconsideration is justified only where the [movant] identifies 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  487 F. App'x 680, 681 (2d Cir. 2012) (summary order) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Here, Plaintiff has instead attempted to breathe new life into arguments made on summary judgment.  Given that "Local Rule 6.3 should 'be narrowly construed and strictly applied to avoid repetitive arguments on issues that have been fully considered by the Court,'" Kubicek's efforts are unavailing.  *Heffernan*, 655 F. Supp. 2d at 381 (quoting *Dellefave v. Access Temporaries, Inc.* No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).  Plaintiff's motion for reconsideration is therefore DENIED.[4]

---

[3] Executive Order No. 5 of 2002 of the Westchester County Executive directs that "all County appointing authorities . . . hire, recruit, transfer and promote so as to reflect, in the County's workforce, the basic composition of the County's general labor force."  *See* Order at 8-9 (internal citation omitted).

[4] Defendant appears to challenge the timeliness of Plaintiff's motion.  Def. Opp. Mem. L. 11 n.9.  Despite the error upon the initial filing of the motion fourteen days after the entry of judgment, the Court finds the motion to be timely filed.  *See, e.g.*, *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2012 WL 414329, at *1 n.1 (S.D.N.Y. Feb. 9, 2012).

**Conclusion**

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motions (Docs. 111, 113[5]).

SO ORDERED.

Dated:   September 30, 2014
         New York, New York

                                                        Edgardo Ramos, U.S.D.J.

---

[5] Because of an error related to the filing of the memorandum of law in support of the instant motion, Plaintiff filed the motion twice on the electronic case filing system.